**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RODERICK WILLIAMS,

                **Plaintiff,**

v.                                          **Case No:   6:15-cv-1670-Orl-40GJK**

STATE OF FLORIDA,

                **Defendant.**
_____

**REPORT AND RECOMMENDATION**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **October 6, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**, the complaint be **DISMISSED**, and the case **CLOSED**.

**I.   BACKGROUND.**

       On October 6, 2015, Roderick Williams (the "Plaintiff") filed a *pro se* complaint (the "Complaint") against the State of Florida's Department of Juvenile Justice (the "Defendant"). Doc. No. 1.   The Complaint raises two causes of action against Defendant, one arising under the Court's federal question jurisdiction, 28 U.S.C. § 1331, and the other arising under the laws of the state of Florida.   Doc. No. 1 at 2-6.   In Count I, Plaintiff alleges that Defendant, which was Plaintiff's employer from July 2006 through September 2013, unlawfully discriminated and retaliated against Plaintiff because of Plaintiff's disability in violation of Title I of the Americans

With Disabilities Act, 42 U.S.C. §§ 12112-12117 (the "ADA").  Doc. No. 1 at 3-5.  Plaintiff

requests compensatory damages in the amount of $400,000.00.  Doc. No. 1 at 6.  In Count II,

Plaintiff sues Defendant for alleged violations of Florida's Whistleblower Act, § 448.101-105,

Florida Statutes.  Doc. No. 1 at 5-6.  Now before the Court is Plaintiff's Application to Proceed

Without Prepayment of Fees and Affidavit (the "Motion").  Doc. No. 2.

## II.   THE LAW.

### A.  The Statute and Local Rules.

The United States Congress has required that the district court review[1] a civil complaint

filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state

a claim.  *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all

proceedings *in forma pauperis.*  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that --
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal --
> (i)   is frivolous or malicious;
> (ii) fails to state a claim on which relief
>         may be granted; or
> (iii)   seeks monetary relief against a
>         defendant who is immune from
>         such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also

govern proceedings commenced *in forma pauperis.  See* Local Rule 4.07.  Pursuant to Local

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.   Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.   28 U.S.C. § 1915(a)(3).

Rule 4.07 (a), cases commenced *in forma pauperis* are docketed by the Clerk and then transmitted to the assigned district court judge.   Local Rule 4.07 (a).   The district court judge then assigns the case to a United States Magistrate Judge for the supervision and determination of all pretrial proceedings and motions.   Local Rule 6.01(c)(18).   With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge.   *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate.   Local Rule 4.07(a).

### B.    Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).   The pauper's affidavit should not be a broad highway into the federal courts.   *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga. 1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).   Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.   *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C.    Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639.   The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.   *Id.*   A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.   *Neitzke v. Williams,*

490 U.S. 319, 325 (1989).   Claims may lack an arguable basis in law because of either factual or

legal inadequacies.   *Id.*   Legal theories are frivolous when they are "indisputably meritless."

*Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129.   Section 1915 authorizes the dismissal of "claims

of infringement of a legal interest which clearly does not exist."   *See Neitzke*, 490 U.S. at 327.

## III.   <u>ANALYSIS.</u>

The Complaint alleges a Title I ADA claim for monetary damages by a private individual

against the Florida Department of Juvenile Justice, which is an agency of the state of Florida.   *See*

Doc. No. 1; §§ 20.03(11), 20.316 (Fla. Stat. 2015); *Bell-Babineaux v. Dep't of Juvenile Justice*,

No. 8:12-cv-2153-T-17AEP, 2014 WL 281971, at *3-4 (M.D. Fla. Jan. 24, 2014) (Department of

Juvenile Justice is a state agency).   The Eleventh Amendment to the United States Constitution is

an absolute bar to Title I ADA claims for monetary damages commenced by private individuals

against state agencies in federal court. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356,

363-74 (2001); *Stephens v. Ga. Dep't of Transportation*, 134 F. App'x 320, 324 (11th Cir. May

31, 2005) (unpublished) (same); *Clifton v. Ga. Merit System*, 478 F. Supp. 2d 1356, 1362-63 (N.D.

Ga. 2007) (same).   Thus, the Eleventh Amendment prohibits Plaintiff's suit against Defendant for

monetary damages under Title I of ADA in federal court.   *Id.*   Accordingly, Count I of the

Complaint is due to be dismissed.

Plaintiff's remaining claim is brought solely under Florida law (*see* Doc. No. 1 at 5-6) and,

therefore, the Court's jurisdiction over it arise solely under the Court's supplemental jurisdiction,

28 U.S.C. § 1367(a).   Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district court may decline to

exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has

dismissed all claims over which it has original jurisdiction."   *Id.*   "The Eleventh Circuit

encourages courts to dismiss the remaining state claims when, as here, the federal claims have

been dismissed prior to trial." *Wells v. XPEDX*, No. 8:05-cv-2193-T-EAJ, 2007 WL 2696566, at *15 (M.D. Fla. Sept. 11, 2007) (citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004)).    Accordingly, it is **RECOMMENDED** that the Court **decline to exercise supplemental jurisdiction over Count II and dismiss it without prejudice**.

IV.    <u>**CONCLUSION**</u>.

Based on the forgoing, it is **RECOMMENDED** that the Court enter an order:

1. **DENYING** the Motion (Doc. No. 2);

2. **DISMISSING Count I as frivolous**;

3. **DECLINING to exercise supplemental jurisdiction over Count II**;

4. **DISMISSING Count II without prejudice**; and

5. **DIRECTING** the Clerk to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 23, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

Unrepresented Party
Courtroom Deputy